IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCUS DEWAYNE MCQUEEN, ) <br> AIS 177303, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES FEDERAL COURTS, ) <br> et al., ) <br> ) <br>    Defendants. ) | CASE NO. 2:24-CV-353-RAH-CSC |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

Plaintiff Marcus McQueen, an inmate at Limestone Correctional Facility and proceeding pro se, files this civil rights action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agent of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff also moves to proceed in forma pauperis under 28 U.S.C. § 1915. Doc. 2. For the reasons below, the undersigned Magistrate Judge RECOMMENDS that Plaintiff's motion (Doc. 2) be DENIED and that his Complaint (Doc. 1) be DISMISSED without prejudice.

### II. DISCUSSION

Under 28 U.S.C. § 1915(g), a prisoner may not bring a civil action in forma pauperis if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is not under "imminent danger" of serious physical injury "must pay the filing fee at the time he *initiates* suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original). The Court should therefore dismiss a prisoner's complaint without prejudice when it "denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)." *Id*.

Plaintiff has filed numerous civil actions in the federal courts of Alabama while incarcerated.[1] Review of court records establish that Plaintiff has accumulated at least three strikes under § 1915(g).[2] *See*, *e.g.*, *McQueen v. City of Birmingham*, Civil Action No. 2:14-cv-1201-VEH-JEO (N.D. Ala. 2015) (dismissed under 28 U.S.C. § 1915A(b)(1) & (2) for failure to state a claim for relief and seeking relief against defendants immune from suit); *McQueen v. Keith*, Civil Action No. 1:18-cv-00109-TFM-MU (S.D. Ala. 2019) (dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous); and *McQueen v. Hale*, No. 2:18-cv-2019-MHH-GMB (N.D. Ala. 2020) (dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state a claim for relief). These summary dismissals place Plaintiff in violation of 28 U.S.C. § 1915(g).

---

[1] *Available at* https://pacer.login.uscourts.gov.

[2] This Court may take judicial notice of its own records and the records of other federal courts. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *United States v. Glover*, 179 F.3d 1300, 1302 n. 5 (11th Cir. 1999).

Since Plaintiff has three strikes, he cannot proceed in forma pauperis unless his Complaint shows that he was in "imminent danger of serious physical injury" at the time of filing. In assessing whether a plaintiff satisfies this burden, the Court looks at whether the Complaint, as a whole, alleges such imminent danger. *See Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004); *O'Connor v. Sec'y, Fla. Dep't of Corr.*, 732 F. App'x 768, 770-71 (11th Cir. 2018) (explaining that facts must not be asserted in a vague or conclusory manner and must show that the inmate-plaintiff was in imminent danger of serious physical injury at the time he filed his complaint). "General allegations … not grounded in specific facts . . . indicat[ing] that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Corr. Inst.*, No. 3:06CV275/LAC/EMT, 2006 WL 2051307, *2 (N.D. Fla. July 20, 2006) (*citing Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Plaintiff files suit against the federal courts of the United States including the three federal district courts in Alabama, the Supreme Court of the United States, the Court of Appeals, and the Jefferson County Circuit Court. Doc. 1. He alleges that even though criminals are ordering "hits" on him, federal judges claim his life is not at risk. *Id.* at 3. Plaintiff also complains criminals will not tell the truth yet federal courts defend the criminal elements in society while keeping him imprisoned even though "by law he is free to go." *Id.*

Plaintiff's allegations, as a whole, do not demonstrate he was "under imminent danger of serious physical injury" when he filed this action as is required to meet the exception to application of 28 U.S.C. § 1915(g). The broad claims in the Complaint,

3

lacking in any specific facts, do not suffice to overcome the three-strikes provision of § 1915(g). *Daker v. Ward*, 999 F.3d 1300, 1310 (11th Cir. 2021) (holding that "[g]eneral assertions … are 'insufficient to invoke the exception to § 1915(g) absent specific factual allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'") (quoting *Brown*, 387 F.3d at 1350).

Consequently, Plaintiff's motion for leave to proceed in forma pauperis is due to be denied and this Complaint is due to be dismissed without prejudice under 1915(g).

## III.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that:

1. Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) be DENIED.

2. Plaintiff's Complaint (Doc. 1) be DISMISSED without prejudice.

It is further ORDERED that by **July 8, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and is therefore not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by

the District Court except on grounds of plain error or manifest injustice. *Resol. Tr. Corp., v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11TH CIR. R. 3-1.

Done, this 24th day of June 2024.

/s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE